IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STEVEN LEE HYDE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-98-370-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| DAVE PASKETT, Warden, I.M.S.I, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court are Respondent's Motion for Summary Dismissal (Docket No. 25) and Petitioner's Request to Take Judicial Notice (Docket No. 44). The parties have briefed the issues. The Court previously gave Petitioner permission to file a substitute amended brief, but he declined to do so. Oral argument on the pending Motions is unnecessary. Having reviewed the record in this case, and having considered the arguments of the parties, the Court enters the following Order.

MEMORANDUM ORDER 1

## I.

## BACKGROUND

In 1993, Petitioner was charged with robbing at gunpoint a Jehovah's Witnesses congregation in Ada County, Idaho, and a similar congregation in Canyon County, Idaho. Both congregations consisted of men, women, and children. This case concerns the Canyon County (Idaho Third Judicial District) charges. After jury trial, Petitioner was found guilty of ten counts of robbery. The trial court subsequently dismissed Count VII, leaving nine convictions for robbery intact.

During this time period, Petitioner filed, and the trial court denied, a first Rule 35 motion for reduction of sentence. On November 5, 1993, the court sentenced Petitioner to nine unified life sentences with 25 years fixed, to be served concurrent to each other and concurrent to the convictions for the Ada County robbery. *See State's Exhibit No. A-1* (Docket No. 23).

On June 8, 1995, the Idaho Court of Appeals affirmed his convictions and sentences. *See State v. Hyde*, 898 P.2d 71 (Idaho Ct. App. 1995). On July 26, 1995, the Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur. *See State's Exhibit Nos. B-1 to B-8.*

Over one year later, on July 29, 1996, Petitioner filed a state post-conviction petition. On September 26, 1996, it was dismissed as untimely upon the State's motion to dismiss. *See State's Exhibit Nos. C-1 & C-2.*

MEMORANDUM ORDER 2

Through counsel, Petitioner filed a motion to reconsider dismissal of the post-conviction petition, arguing that he had timely filed the petition on June 26, 1996, by submitting his petition to prison officials under the mailbox rule. The trial court granted Petitioner a continuance to file an affidavit in support of his motion. On November 25, 1996, the court denied Petitioner's motion because his counsel had failed to file an affidavit for Petitioner. The clerk of court did not enter the order of denial until January 2, 1997. *See State's Exhibit Nos. C-1 to C-5.*

While his motion to reconsider was pending, on November 13, 1996, Petitioner filed a notice of appeal from the order of dismissal, which had been issued 43 days earlier on September 26, 1996. The Idaho Supreme Court entered an order conditionally dismissing the appeal as untimely, giving Petitioner 21 days to show that it should not be dismissed. On February 6, 1997, the Idaho Supreme Court dismissed the appeal based upon Petitioner's failure to respond to the order conditionally dismissing the case. On February 28, 1997, the remittitur was issued. *See State's Exhibit C-4 to D-3.*

On January 2, 1997, while the appeal was pending, Petitioner filed with the trial court a motion to amend his post-conviction petition and motion to proceed without counsel. On March 4, 1997, the trial court denied the motions. *See State's Exhibit E-3.* Petitioner then filed a notice of appealing challenging denial of the motions. Attorney Richard Harris was appointed to represent Petitioner on appeal. The Idaho Supreme Court recognized that Petitioner was attempting a second appeal from denial of the dismissal of the post-conviction

MEMORANDUM ORDER  3

case, and entered a notice of conditional dismissal. The court gave him 21 days to show why the appeal should not be dismissed. Attorney Harris provided a letter to the court indicating that Petitioner wished to represent himself on appeal, and Petitioner filed a pro se response to the court's order. On August 21, 1997, the Idaho Supreme Court dismissed the appeal and issued its remittitur. Petitioner later filed a petition for review, which was treated as a motion for reconsideration and denied on November 7, 1997. *See State's Exhibit E-4 to F-20.*

On December 21, 1997, Petitioner filed an "application for a special writ" with the Idaho Supreme Court, again challenging dismissal of the post-conviction action. On January 12, 1998, the Idaho Supreme Court denied the application. *See State's Exhibits G-1 through G-4.*

On September 22, 1998, Petitioner filed his federal habeas petition, commencing this action. The Court dismissed his petition sua sponte for failure to file the petition on time. Petitioner appealed. On March 23, 2005, this case was remanded to this Court for further proceedings because this Court had not permitted Petitioner with an opportunity to respond before dismissal of his case. *See Judgment of U.S. Court of Appeals* (Docket No. 37).

Petitioner filed additional state court pleadings while his federal habeas action was pending. On February 22, 2000, Petitioner filed a second Rule 35 motion. On March 8, 2000, the trial court denied the motion. On December 26, 2002, Petitioner filed a third motion for Rule 35 (illegal sentence). On May 14, 2003, the trial court denied that motion. Petitioner filed a notice of appeal. The Idaho Court of Appeals affirmed denial of

MEMORANDUM ORDER 4

Petitioner's motion. Petitioner did not file a petition for review with the Idaho Supreme Court, and the Idaho Court of Appeals issued its remittitur on September 10, 2004. *See State's Exhibit Nos. H-1 to I-12.*

Petitioner filed yet another motion asserting that his post-conviction petition was timely filed, which the trial court denied. On July 28, 2004, the Idaho Court of Appeals affirmed denial of the motion. On September 17, 2004, the Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur. *See State's Exhibit Nos. J-1 through K-11.*

## II.

## MOTION FOR SUMMARY DISMISSAL

### A.  Standard of Law governing re: Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed in 1998, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate his statute of limitations deadline, a petitioner must determine when his state court judgment became final. Where, as here, a petitioner's conviction became final before the effective date of AEDPA, his federal petition must be filed by April 24, 1997, one year from the effective date of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

MEMORANDUM ORDER 5

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**B.    Discussion of First Statute of Limitations Issue**

Petitioner's conviction became final on October 25, 1995, which is 90 days after July 26, 1995, the date the Idaho Supreme Court denied his petition for review. Petitioner's statute of limitations began to run on April 24, 1996, when AEDPA was enacted. It would have ended April 24, 1997, absent a properly filed post-conviction action which would have statutorily tolled his one-year period.

Petitioner's first post-conviction action was filed on July 29, 1996. That petition was dismissed as untimely. *See State's Exhibit Nos. C-1 & C-2.* The United States Supreme Court has recently determined that when a state court rejects a post-conviction petition as untimely under the state statute of limitations, such a petition is not "properly filed" within the meaning of AEDPA's statutory tolling provision. *Pace v. DiGuglielmo*, -- U.S. --, 125 S.Ct. 1807 (2005). Accordingly, Petitioner's first post-conviction action did not toll the

MEMORANDUM ORDER  6

statute of limitations, and Petitioner's federal statute of limitations ran untolled for one year between April 24, 1996, and April 24, 1997.

## C.     Standard of Law governing Equitable Tolling

In very limited circumstances, the principle of "equitable tolling" may enable a court to hear a case that has been filed beyond the statute of limitations period. The Supreme Court has recently clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 125 S.Ct. at 1814; *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (statute of limitations period equitably tolled because, although prisoner handed his habeas corpus petition to prison officials in a timely manner, they failed to draw a check for the filing fee on his account and actually file it in time, events over which the prisoner had no control).

The negligence of a petitioner's own attorney is not considered an "extraordinary circumstance" allowing equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002);[1] *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).[2] However, "sufficiently egregious" conduct by a petitioner's attorney can be enough to invoke equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (attorney failed to do anything at all during the one-year

---

[1] *cert. denied*, 123 S.Ct. 496 (2002).

[2] *cert. denied*, 122 S.Ct. 1913 (2002).

MEMORANDUM ORDER  7

federal statute of limitations, and did not return the file to the petitioner until several months after the statute of limitations expired).

### D. Discussion of Equitable Tolling re: First Statute of Limitations Issue

The state court record reflects several discrepancies and difficulties that remain unexplained regarding counsel's conduct relative to the filing of Petitioner's post-conviction petition, notice of appeal, and related documents. These problems may be enough to show that equitable tolling should be applied. However, the Court concludes that holding evidentiary hearing to determine whether *Spitsyn* may apply would be futile, because even if the Court equitably tolls *all* of the time period during which the post-conviction action and the "application for special writ" were pending, his first federal petition was still filed too late, as the Court will now explain.

### E. Discussion of Second Statute of Limitations Issue

Ninety-six (96) days of Petitioner's federal statute of limitations period ran between April 24, 1996, and July 29, 1996, when Petitioner filed his first post-conviction action, leaving 269 days remaining on the statute of limitations. Assuming that the statute was tolled time on July 29, 1996, the Court finds that it began running again on November 7, 1997, when the Idaho Supreme Court denied the petition for review on the post-conviction action. Nothing was pending in state court between November 7, 1997, and December 21, 1997, for a period of 44 days, until Petitioner filed his "application for special writ," stopping the

MEMORANDUM ORDER 8

statute with 225 days remaining.[3] The Application for Special Writ was denied on January 12, 1998, causing the statute of limitations to run again. The statute ran untolled during the remaining 225 days from January 12, 1998, to August 24, 1998, when it expired. Petitioner filed his petition on September 14, 1998,[4] which was 20 days too late. *See Petition* (Docket No. 1).

F.     **Discussion of Equitable Tolling re: Second Statute of Limitations Issue**

Next, the Court considers whether any equitable tolling would apply to any of the time periods during which the statute of limitations was running. Because Petitioner has concentrated his argument on other issues, the Court will provide him with an opportunity to provide a 20-page brief showing any facts supporting his position that equitable tolling should be applied for the time periods: (1) between April 24, 1996 and July 29, 1996; (2) between November 7, 1997, and December 21, 1997; and (3) between January 12, 1998, and September 14, 1998. Petitioner shall not include facts or argument that do not address these

---

[3] The Court rejects Petitioner's argument that the "application for special writ" was an appeal, and that the time period should remain statutorily tolled between the prior filing and that filing, for the reasons set forth in Respondent's Brief (Docket No. 25-2, at pp. 13-17). The Court also notes that Petitioner erroneously relies on Ninth Circuit cases applying tolling to California's post-conviction process, which is distinctly different from Idaho's post-conviction process.

[4] The Clerk of Court stamp shows September 22, 1998, but a handwritten note shows that the Petition was received by the Clerk on September 14, 1998. The Petition does not include Petitioner's signature, a date for the signature, or a date on the mailing certificate. Petitioner filed an "amendment" on September 22, 1998, that states that Petitioner wished to show that the Petition's mailing certificate was signed on September 14, 1998 (Docket No. 2).

specific time periods. Respondent may file a response no later than ten (10) days after Petitioner's brief.

The Court declines to address the procedural default issue unless Petitioner is able to overcome the statute of limitations bar. Respondent's Motion to Dismiss is conditionally granted on the statute of limitations issue.

### G. Actual Innocence

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding case to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations").

Petitioner argues that he is actually innocent, and he points to arguments of *legal* innocence to support his contention. However, the law is clear that only *factual* innocence is enough to meet the actual innocence standard. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new factual evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

MEMORANDUM ORDER 10

Here, Petitioner has not shown facts sufficient to overcome the evidence presented at trial. He asserts that of 93 people in the church congregation, only 10 could positively identify him, and the other 83 would have testified that he was not the robber.

Petitioner's characterization of the evidence in the record is mere speculation. Petitioner relies on a listing of witnesses and victims compiled by police. The list shows either that the witness/victim's identification fo Petitioner was "positive" or that there was "no id." *See Amended Petition for Post-Conviction Relief*, Appendix K (Docket No. C-17); *see State's Exhibits A-10 & A-11*. Petitioner has nothing showing that the 83 people would have testified that he was not the robber; the record reflects only that the people could not identify the robber. These facts do not show actual innocence in light of the 10 positive identifications.

Petitioner also states that the weather report from the night of the robbery would have showed that he was actually innocent. There is no weather report in the record. Petitioner's argument of innocence regarding the weather report is based on the following facts and reasoning. The coat and hat allegedly worn by Petitioner during the robbery were found tossed in his girlfriend's yard the morning after the robbery. *See id.*, Appendix C. The officer wrote in his report, "I noticed on both the hat and the coat, the bottom was wet, because it had been lying on the snow, but the top was not wet or froze [sic] over. These two items had not been on the ground for days, but only a few hours, The hat and the coat were thrown in different places in the yard." *See id.*

MEMORANDUM ORDER 11

Petitioner argues that he was at a hotel 60 miles away at the time the officer found the dry coat and hat at his girlfriend's residence. Petitioner produces no evidence of his hotel stay. He argues that the dryness of the hat and coat necessarily mean that someone other than him placed them there in the morning to frame him, because the weather report would have showed that it rained all night and into the morning, which would have made the coat and hat all wet. *See Petitioner's Reply Brief*, at pp. 47-48. This argument is mere speculation and does not show actual innocence in light of the 10 positive identifications by witnesses.

Plaintiff's fingerprint argument regarding a car that "may" have been involved in the robbery is also based upon mere speculation. *See id.*, at p. 49. Accordingly, the Court concludes that Petitioner has failed to make a showing of actual innocence that would excuse either a missed statute of limitations or a procedural default. Petitioner shall not present further argument on this issue.

## III.

## PETITIONER'S MOTION TO TAKE JUDICIAL NOTICE

Petitioner requests that the Court take judicial notice of a Ninth Circuit case and its briefing, *Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005). Bringing case law to a court's attention is not an appropriate topic for judicial notice. The Court shall treat Petitioner's request as a notice of supplemental authority. *Insyxiengmay v. Morgan* addresses procedural default and is not applicable to the Court's determination that Petitioner missed

MEMORANDUM ORDER 12

his statute of limitations. Therefore, the Court has considered the case, but finds it inapplicable.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 25) is conditionally granted.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Take Judicial Notice (Docket No. 44) is GRANTED to the extent that the Court has considered the Ninth Circuit case law and arguments presented to the Ninth Circuit as supplemental authority in support of his arguments.

IT IS FURTHER HEREBY ORDERED that Petitioner shall file a brief, not to exceed 20 pages, showing facts supporting his position that equitable tolling should be applied for the time periods: (1) between April 24, 1996 and July 29, 1996; (2) between November 7, 1997, and December 21, 1997; and (3) between January 12, 1998, and September 14, 1998. Petitioner shall not include facts or argument that do not address these specific time periods. Respondent may file a response no later than ten (10) days after Petitioner's brief. Either party may file relevant affidavits or other evidence in support of their briefing.

DATED: August 15th, 2005

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER 13