IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STEVEN LEE HYDE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-98-370-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| DAVE PASKETT, Warden, I.M.S.I, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Court previously conditionally granted Respondent's Motion for Summary

Dismissal (Docket No. 25), and ordered Petitioner to file a brief showing facts supporting

his position that equitable tolling should be applied for the time periods: (1)  between

April 24, 1996 and July 29, 1996; (2) between November 7, 1997, and December 21,

1997; and (3) between January 12, 1998, and September 14, 1998.  All remaining issues

are now fully briefed.  Having reviewed the record in this case, including the state court

record, the Court enters the following Order.

MEMORANDUM ORDER  1

## BACKGROUND

In 1993, Petitioner was charged with robbing at gunpoint a Jehovah's Witnesses congregation in Ada County, Idaho, and a similar congregation in Canyon County, Idaho. Both congregations consisted of men, women, and children. This case concerns the Canyon County (Idaho Third Judicial District) charges. After jury trial, Petitioner was found guilty of ten counts of robbery. The trial court subsequently dismissed Count VII, leaving nine robbery convictions intact.

During this time period, Petitioner filed, and the trial court denied, a first Rule 35 motion for reduction of sentence. On November 5, 1993, the court sentenced Petitioner to nine unified life sentences with 25 years fixed, to be served concurrent to each other and concurrent to the convictions for the Ada County robbery. *See State's Exhibit No. A-1* (Docket No. 23).

On June 8, 1995, the Idaho Court of Appeals affirmed his convictions and sentences. *See State v. Hyde*, 898 P.2d 71 (Idaho Ct. App. 1995). On July 26, 1995, the Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur. *See State's Exhibit Nos. B-1 to B-8.*

Over one year later, on July 29, 1996, Petitioner filed a state post-conviction petition. On September 26, 1996, it was dismissed as untimely upon the State's motion to dismiss. *See State's Exhibit Nos. C-1 & C-2.*

Through counsel, Petitioner filed a motion to reconsider dismissal of the post-conviction petition, arguing that he had timely filed the petition on July 24, 1996, by

MEMORANDUM ORDER  2

submitting his petition to prison officials under the mailbox rule.  The trial court granted

Petitioner a continuance to file an affidavit in support of his motion.  On November 25,

1996, the court denied Petitioner's motion because his counsel had failed to file an

affidavit for Petitioner.  The clerk of court did not enter the order of denial until January

2, 1997.  *See State's Exhibit Nos. C-1 to C-5.*

While his motion to reconsider was pending, on November 13, 1996, Petitioner

filed a pro se notice of appeal from the order of dismissal, which had been issued 43 days

earlier on September 26, 1996.  The Idaho Supreme Court entered an order conditionally

dismissing the appeal as untimely, giving Petitioner 21 days to show that it should not be

dismissed.  On February 6, 1997, the Idaho Supreme Court dismissed the appeal based

upon Petitioner's failure to respond to the order conditionally dismissing the case.  On

February 28, 1997, the remittitur was issued.  *See State's Exhibit C-4 to D-3.*

On January 2, 1997, while the appeal was pending, Petitioner filed with the trial

court a motion to amend his post-conviction petition and motion to proceed without

counsel.  On March 4, 1997, the trial court denied the motions.  *See State's Exhibit E-3.*

Petitioner then filed a pro se notice of appeal challenging denial of the motions.  Attorney

Richard Harris was appointed to represent Petitioner on appeal.  The Idaho Supreme

Court recognized that Petitioner was attempting a second appeal from denial of the

dismissal of the post-conviction case, and entered a notice of conditional dismissal.  The

court gave him 21 days to show why the appeal should not be dismissed.  *See State's

Exhibit D-1.*  Attorney Harris provided a letter to the court indicating that Petitioner

MEMORANDUM ORDER  3

wished to represent himself on appeal, and Petitioner filed a pro se response to the court's order.  On August 21, 1997, the Idaho Supreme Court dismissed the appeal and issued its remittitur.  Petitioner later filed a petition for review, which was treated as a motion for reconsideration and denied on November 7, 1997.  *See State's Exhibit E-4 to F-20*.

On December 21, 1997, Petitioner filed an "application for a special writ" with the Idaho Supreme Court, again challenging dismissal of the post-conviction action.  On January 12, 1998, the Idaho Supreme Court denied the application.  *See State's Exhibits G-1 through G-4*.

On September 22, 1998, Petitioner filed his federal habeas petition, commencing this action.  The Court dismissed his petition sua sponte for failure to file the petition on time.  Petitioner appealed.  On March 23, 2005, this case was remanded to this Court for further proceedings because this Court had not permitted Petitioner with an opportunity to respond before dismissal of his case.  *See Judgment of  U.S. Court of Appeals* (Docket No. 37).

Petitioner filed additional state court pleadings while his federal habeas action was pending.  On February 22, 2000, Petitioner filed a second Rule 35 motion.  On March 8, 2000, the trial court denied the motion.  On December 26, 2002, Petitioner filed a third motion for Rule 35 (illegal sentence).  On May 14, 2003, the trial court denied that motion. Petitioner filed a notice of appeal.  The Idaho Court of Appeals affirmed denial of Petitioner's motion.  Petitioner did not file a petition for review with the Idaho Supreme

MEMORANDUM ORDER  4

Court, and the Idaho Court of Appeals issued its remittitur on September 10, 2004. *See State's Exhibit Nos. H-1 to I-12*.

Petitioner filed yet another motion asserting that his post-conviction petition was timely filed, which the trial court denied. On July 28, 2004, the Idaho Court of Appeals affirmed denial of the motion. On September 17, 2004, the Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur. *See State's Exhibit Nos. J-1 through K-11*.

## AEDPA STATUTE OF LIMITATIONS

### A.    Standard of Law Governing Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed in 1998, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate his statute of limitations deadline, a petitioner must determine when his state court judgment became final. Where, as here, a petitioner's conviction became final before the effective date of AEDPA, his federal petition must be filed by April 24, 1997, one year from the effective date of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim

MEMORANDUM ORDER  5

is pending." 28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**B.     Discussion of  Statute of Limitations Issue**

    1.     <u>Petitioner's Untimely State Post-Conviction Filing</u>

Petitioner's conviction became final on October 25, 1995, which is 90 days after July 26, 1995,  the date the Idaho Supreme Court denied his petition for review. Petitioner's statute of limitations began to run on April 24, 1996, when AEDPA was enacted.  It would have ended April 24, 1997, absent a properly filed post-conviction action which would have statutorily tolled his one-year period.

Petitioner's first post-conviction action was filed on July 29, 1996.  That petition was dismissed as untimely. *See State's Exhibit Nos. C-1 & C-2.*  The United States Supreme Court has recently determined that when a state court rejects a post-conviction petition as untimely under the state statute of limitations, such a petition is not "properly filed" within the meaning of AEDPA's statutory tolling provision. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Accordingly, Petitioner's first post-conviction action did not toll the statute of limitations, and Petitioner's federal statute of limitations ran untolled for one year between April 24, 1996, and April 24, 1997.

MEMORANDUM ORDER  6

However, for the purposes of the discussion on equitable tolling, the Court will equitably toll the entire time during which the foregoing post-conviction proceeding was pending.  Thus, Petitioner must show that he is entitled to tolling for the period of time during which the statute was running between April 24 1997, and the date of his filing, on September 10, 1998.

    2.    <u>Summary of Federal Habeas Corpus Statute of Limitations Calculation</u>

The Court first summarizes its calculation of the statute of limitations period.  In the next section, the Court will set forth its reasoning for accepting or rejecting Petitioner's arguments regarding calculation.

Ninety-one (91) days of Petitioner's federal statute of limitations period ran between April 24, 1996, and July 23, 1996.[1]  Petitioner filed his first post-conviction action on July 24, 1996 (mailbox rule date), leaving 274 days remaining on the statute of limitations.  The statute began running again on November 8, 1997, the day after the Idaho Supreme Court denied the petition for review on the post-conviction action.  Nothing was pending in state court between November 8, 1997, and December 15, 1997, for a period of 38 days, until Petitioner filed his "application for special writ," on

---

[1]  The Court has used the most generous calculation rules, not counting the date a state collateral petition was filed, and beginning the running of the statue on the day after a final order or judgment was issued.  *See Khen v. Warden, High Desert State Prison*, 2006 WL 463151 at *3 (D. Ca. 2006) (tolling the statute through the last date the post-conviction or collateral review case was "pending," which includes the day it was dismissed or denied); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) ("[t]he limitation period began to run again the day after McClendon was denied state post-conviction relief").

MEMORANDUM ORDER  7

December 16, 1997 (mailbox rule date), stopping the statute with 236 days remaining.[2]

The application for special writ was denied on January 12, 1998, causing the statute of limitations to run again on January 13, 1998.  The statute ran untolled during the remaining 236 days from January 13, 1998, to September 5, 1998, when it expired.

Petitioner filed his petition on September 10, 1998,[3] which was five days too late.

---

[2]The Court again rejects Petitioner's argument that the "application for special writ" was an appeal, and that the time period should remain statutorily tolled between the completion of the post-conviction appeal process and the filing of the application for special writ.  Petitioner erroneously relies on Ninth Circuit cases applying tolling to California's post-conviction process, which is distinctly different from Idaho's post-conviction process.  In *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003), the court explained:

> In *Carey v. Saffold*[, 536 U.S. 214 (2002)], the Supreme Court held that an application is "pending" until it "has achieved final resolution through the State's post-conviction procedures." 536 U.S. at 220, 122 S.Ct. 2134. The Court further explained that an application has not achieved this level of finality until a state petitioner "completes a full round of collateral review." *Id*. at 219-20, 122 S.Ct. 2134.

339 F.3d at 1048.
This Court rejects Petitioner's argument that what constitutes a "full round" of the state court's normal appellate review process can be altered or extended by the petitioner filing an "application for a special writ," because he is unhappy with the Idaho Supreme Court's final decision at the end of a full round of the review process.  The Ninth Circuit has emphasized that "if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petition is not entitled to toling during the gap." *Delhomme v. Ramirez*, 340 F.3d 817 (9th Cir. 2003) (relying on *Biggs*, 339 F.3d at 1048).  *See also Saffold*, 536 U.S. at 224 (using Idaho as an example of a state with an "appeal system[]" where "the original writ plays a different role").

[3]  The Clerk of Court stamp shows September 22, 1998, but a handwritten note shows that the Petition was received by the Clerk on September 14, 1998.  The Petition does not include Petitioner's signature, a date for the signature, or a date on the mailing certificate. Petitioner filed an "amendment" on September 22, 1998, that states that Petitioner wished to show that the Petition's mailing certificate was signed on September 14, 1998 (Docket No. 2).

MEMORANDUM ORDER  8

3.      <u>Petitioner's Statute of Limitations Calculation Arguments</u>

Rather than asserting that there are adequate grounds for equitable tolling, Petitioner has chosen to challenge the Court's calculation of the statute of limitations start and stop dates, by asserting that various rules should be applied to extend his time for filing his federal Habeas Corpus Petition.  The court will now review these arguments.

Petitioner first asserts that under the mailbox rule, his first post-conviction petition was filed on July 24, 1996,[4] rather than on July 29, 1996, when the Clerk of Court actually filed the petition.  The Court agrees, and has used this new date in the statute of limitations calculation.

Petitioner next argues that the three-day mailing rule found in Idaho Rule of Civil Procedure 6(e)(1) should apply to extend the time period after the Idaho Supreme Court issued rulings on November 7, 1997, and January 12, 1998.  The Court rejects the argument that Petitioner is entitled to use Idaho Rule of Civil Procedure 6(e)(1) to extend his statute of limitations period.

Rule 6(e)(1) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three (3) days shall be added to the prescribed period.

---

[4] In Petitioner's motion to proceed pro per and request to amend post-conviction petition, Petitioner asserts that his post-conviction petition was originally filed on *June* 24, 1996.  There is no evidence to support this statement that the petition was filed in June, and Petitioner has since declared that the Petition was released to prison officials to be filed on July 24, 1996.  See State's Exhibit C-15, and Petitioner's Brief (Docket No. 49).

MEMORANDUM ORDER  9

The Idaho appellate courts have not addressed the issue of whether Rule 6(e)(1) applies to court orders or judgment, nor has it addressed whether it can be applied to extend a statute of limitations for a subsequent action.  Therefore, the Court turns to other courts that have addressed similar issues.

Some courts have held that similar rules apply to judgments or orders mailed by the Court to the parties, while other courts have held to the contrary.  Compare, for example, *Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801, 807-08 (D.C. 1984) (when "a judgment is rendered outside the presence of the parties or counsel and, therefore, notice is mailed pursuant to Rule 77(d), three additional days are added to the period of time prescribed in Rule 59(e), pursuant to Rule 6(e)"), with *Flint v. Howard*, 464 F.2d 1084, 1987 (1st Cir. 1972) (time limit for filing motion for reconsideration of habeas corpus petition not extended by Federal Rule 6(e)); *Derrington-Bey v. District of Columbia Dept. of Corr.*, 39 F.3d 1224, 1225-26 (D.C. Cir. 1994) (three day period inapplicable to Rule 59(e) motions); *Adams v. Trustees of the N.M. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870-71 (3d Cir. 1994) (same); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 682 (6th Cir. 1999) (same).

This Court agrees with those courts that the time period sought to be enlarged by Rule 6(e)(1) governs whether it can be applied.  Here, the time period sought to be enlarged is the AEDPA statute of limitations which, according to the statute, runs from "the date on which judgment became final."  *See* 28 U.S.C. § 2244(d)(1)(A).  Because the

MEMORANDUM ORDER  10

AEDPA statute does not specify that it runs from the date of service, Rule 6(e)(1) is inapplicable.

The Ninth Circuit has adopted this reasoning, and the Court finds it instructive here in construing Idaho's Rule 6(e)(1).  In *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), the Ninth Circuit Court determined that Rule 6(e) "only enlarge[s] the filing time when the period for acting runs from the *service* of a notice by mail."  *Id*. at 930 (emphasis in original).  The Ninth Circuit relied on  *Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985) (Rule 6(e) does not apply when the time for acting is designated from "the date of mailing" as opposed to "the service of notice" by mail), and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975) (Rule 6(e) does not apply when the time for acting is designated from the "entry of judgment" as opposed to "the service of notice" by mail), *superseded on other grounds by* Fed.R.App.P. 4(a)(5).  *See also Rouse v. Lee*, 339 F.3d 238, 245 (4th Cir. 2003) (rejecting Rule 6(e) extension of time because the limitation period runs from "the date on which judgment became final,"not from the date a prisoner is served with the judgment).

This Court also agrees with those courts that have noted that Rule 6(e) does not apply to judgments because a litigant is not required to act or respond to a judgment, as he would to a motion.  *See, e.g., Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004). Based upon the foregoing, the Court will not add six "mailing" days to Petitioner's statute of limitations period.

MEMORANDUM ORDER  11

Petitioner next argues that he placed his application for special writ  in the prison mailing system on December 16, 1997, and that date, rather than December 21, 1997 should be used. The application for special writ contains no mailing certificate and is dated December 15, 1997.  A certificate of mailing is attached to the supporting brief, certifying that the brief was mailed on December 15, 1997, but it is dated December 16, 1997, and the notarization on the previous page shows that it was notarized on December 16, 1997.  These different dates appear to be error rather than an intentional manipulation of the filing date; therefore, the Court will allow Petitioner to use December 16, 1997, as the mailbox filing date of his application for special writ.

Petitioner next argues that he placed his federal habeas petition in the prison mailing system on September 10, 1998 (a Thursday), and that date, rather than September 14th or 22nd, should be used as the filing date.  The Court has used September 10, 1998, as the filing date in its calculation above, as Petitioner has requested.

When the Petition arrived in the federal court on September 14, 1998 (a Monday), it had no signature and its mailing certificate failed to show the date mailed and the parties to whom it was mailed.  The Clerk of Court did not file the Petition, but likely notified Petitioner that it was deficient.  Petitioner's "Correction and Augmentation," filed on September 22, 1998, along with the original Petition, states that the Petition was filed "on or about September 11, 1998; however, the "Correction and Augmentation" does not specify a date the original was mailed. Even allowing Petitioner to apply the

MEMORANDUM ORDER  12

mailbox rule, using September 10, 1998, as the filing date, renders his federal Petition five days too late.

## C.     Standard of Law Governing Equitable Tolling

If a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id.* at 418.

The negligence of a petitioner's own attorney is not considered an "extraordinary circumstance" allowing equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002);[5] *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).[6]  However, "sufficiently egregious" conduct by a petitioner's attorney can be enough to invoke equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (attorney failed to do anything at all during the one-year federal statute of limitations, and did not return the file to the petitioner until several months after the statute of limitations expired).

---

[5]*cert. denied*, 123 S.Ct. 496 (2002).

[6]*cert. denied*, 122 S.Ct. 1913 (2002).

**D.      Discussion of Equitable Tolling**

The state court record reflects several discrepancies and difficulties that remain unexplained regarding counsel's conduct relative to the filing of Petitioner's post-conviction petition, notice of appeal, and related documents.  These problems may or may not be enough to meet the *Spitsyn* threshold of "sufficiently egregious" conduct.  Rather than holding an evidentiary hearing on that issue and for the purposes of Petitioner's equitable tolling argument, the Court has allowed equitable tolling of the entire time period between Petitioner's post-conviction petition, through the untimely first appeal, through the end of the improperly filed second appeal.  The Court has also given Petitioner the benefit of the doubt in allowing the mailbox rule to govern the relevant filing dates, even though his records are not necessarily clear.  In sum, the calculation of the statue of limitations period has been generously construed in Petitioner's favor, and yet it is not enough to render Petitioner's Petition timely.

The Court finds marginally appealing Petitioner's argument that he should be entitled to equitable tolling for the time period between the end of his second appeal of the post-conviction action and the filing of his application for a special writ because if it were not for his attorney's mistakes and misleading statements to him, he would not have had to file the application for a special writ.[7]  Application of equitable tolling is

---

[7] Petitioner's application for a special writ was not a filing required for exhaustion of state court remedies.  Petitioner also could have proceeded to federal court immediately instead of filing the additional application with the Idaho Supreme Court.

MEMORANDUM ORDER  14

permissible only when the Petitioner has demonstrated diligence throughout the time period he could have filed the federal petition.  *See Pace*, at 418-19.  Here, Petitioner did not file his state post-conviction action until 363 days had passed.  Then, he did not file his federal Petition until 241 days after the Idaho Supreme Court rejected his application for a special writ.  Petitioner has not shown that he exercised diligence during these time periods.  As a result, equitable tolling cannot be applied to this time period.

**E.     Conclusion**

Based on the foregoing, Petitioner's federal Habeas Corpus Petition was untimely filed and cannot be heard on the merits.  Therefore, the Petition is subject to dismissal with prejudice.


**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 25) is GRANTED.  Petitioner's Petition is dismissed with prejudice as untimely.

DATED:  **May 16, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  15